UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

IRWIN B. KRUKENKAMP,

        Plaintiff-Appellant,        <u>MEMORANDUM</u>

 - against -        04-CV-569 (TCP)(WDW)

STATE UNIVERSITY OF NEW YORK at
STONY BROOK, UNIVERSITY HOSPITAL,
a/k/a STONY BROOK, HEALTH SCIENCES
CENTER at SUNY at STONY BROOK, BRUCE
SCHROFFEL, individually and in his official
capacity as Director and Chief Executive Officer
of University Hospital at SUNY at Stony Brook,
NORMAN H. EDELMAN, individually and in his
capacity as Dean of the School of Medicine at
SUNY at Stony Brook and Vice President of the
Health Sciences Center at Stony Brook, THOMAS
BIANCANIELLO, individually and in his official
capacity as Medical Director of University
Hospital at SUNY at Stony Brook and Chief of
Pediatric Cardiology at SUNY at Stony Brook,
JOHN RICOTTA, individually and in his official
capacity as Chair of the Department of Surgery at
the School of Medicine at SUNY at Stony Brook
and Chief of Surgery at University Hospital at
SUNY at Stony Brook, and SHIRLEY STRUM
KENNY, in her official capacity as President
of SUNY at Stony Brook,

        Defendants-Appellees,

----------------------------------X
PLATT, District Judge.

On belated receipt[1] of the Court of Appeals Order dated July 19, 2005, this Court ordered a hearing on July 28, 2005, the penultimate date available before August 1, 2005, to determine what, if anything, was needed by way of an "evidentiary" hearing with respect to the termination of the written contract between the plaintiff and the Hospital scheduled in the contract itself for August 1, 2005.

At the outset, it is important to note that the contract between the plaintiff and the Hospital antedated by three years the alleged "Baby Doe" incident about which plaintiff claims his First Amendment rights were infringed by the defendants in this lawsuit herein.

At the "hearing," the Court asked counsel for the plaintiff if they had any witnesses who would testify as, for example, to the validity of the contract and was advised there were none and counsel made no offer of any witnesses or any deposition testimony on that or any other questions.

The Court pointed out that the plaintiff sought the issuance of the preliminary injunction in order to permit him to remain and serve as Chief of the Division of Cardiothoracic Surgery in the Department of Surgery at the School of

---

1 The Court of Appeals never sent a copy of its July 19, 2005 Order to this Court. Instead, it was not until the afternoon of Wednesday, July 27th that this Court was informed of the Order when Christine Ryan, a lawyer for the defendants, called Chambers.

Medicine and as Director of the Heart Center at University Hospital until his contract expired on August 1, 2005. That was the purpose of and basis for the injunction.

At least once, if not two or three times, after the issuance of the preliminary injunction, the New York State Attorney General (representing the defendants) requested permission to begin seeking, interviewing and signing up a successor to the plaintiff on August 1, 2005. At no time, did anyone raise any issue as to whether August 1, 2005 was the correct termination date.

On June 22, 2005, the parties appeared before this Court. At that appearance, the Attorney General's Office advised the Court it had found a successor and requested permission to retain him to start August 1, 2005. Plaintiff's attorneys strenuously objected to any such action being taken before August 1. The Court, however, said that defendants could do so.

In the meantime, unbeknownst to the undersigned, the parties had been working with United States Magistrate Judge William Wall preparing for a trial before this Court this Fall. Moreover, this Court was advised at the hearing on June 22, 2005 that the defendants were in the process of making a Summary Judgment motion and had actually scheduled a date with this Court for a filing of all papers on that motion on September 6, 2005 and for a hearing date on

September 16, 2005 on that motion.

At that June 22nd hearing and, also, when the parties appeared on July 28th, this Court pointed out to the attorneys that under the Circuit's rules it could not prohibit the making of a summary judgment motion by the defendant's and that it had to hear it before a trial (or even in this case an evidentiary hearing - they probably being essentially the same thing) and that it would hear that motion on September 16th and the Court denied it, they could proceed to trial on Monday, the 19th of September.

The contract nonetheless expired by its own terms on August 1, 2005. Neither the preliminary injunction nor the contract itself had ever been modified by order of this Court or otherwise. Plaintiff's term as Chief of Surgery and Director of the Health Center expired on August 1, 2005. Plaintiff's other positions at the Hospital were not terminated and defendants have made no attempt to interfere with any of them. In other words, the contract between the parties expired by its own terms on August 1, 2005 and the status quo was thus preserved. Again, this Court has never modified or changed the preliminary injunction.

Accordingly, the Court is prepared to deal with the Summary Judgment motion now being made by the defendant as the Court of Appeals has

said it must. After that, if it is necessary, plaintiff will receive not just an evidentiary hearing, but a full trial on the merits on September 19, 2005.

```
                              _____/S/_____
                              Thomas C. Platt
                              U.S. District Judge, United States District Court
```

Dated: Central Islip, New York
       August 5, 2005